IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERNAN O. CASTRO, | CASE NO. CV-F-04-6416 OWW SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | |
| RAYMOND ANDREWS, Warden, | [Doc. 1] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

PROCEDURAL HISTORY

Petitioner is currently serving two concurrent 240 months sentences imposed in 1992 in the Southern District of Georgia after being convicted of conspiring to possess cocaine with intent to distribute and conspiring to import cocaine hydrochloride.[1] (Respondent's Attachment 1; 21 U.S.C. § 846, 960, 963.) Petitioner is currently incarcerated at the Taft Correctional Institution in the Eastern District of California. Id. In the instant petition, Petitioner contends that the Bureau of Prisons (hereinafter "BOP") is incorrectly calculating his good time credits and asks the Court to order the BOP to change its method of calculation. (Petition, at 2-3.)

---

[1] This information is derived from the petition for writ of habeas corpus and Respondent's answer. (Court Docs. 1, 2, 8.)

Petitioner filed the instant petition for writ of habeas corpus on October 18, 2004. Pursuant to this Court's order of November 4, 2004, Respondent filed an answer to the petition on January 6, 2005. Petitioner filed a traverse on February 4, 2005. On March 28, 2005, Petitioner filed a motion to amend. In the Court's order of April 26, 2005, the Court construed Petitioner's motion to amend as a request to supplement the traverse, and granted said request.

On February 10, 2006, Petitioner filed a motion for expedited resolution of the petition, and a request for leave to further supplement his traverse. Respondent filed an opposition on February 13, 2006.

DISCUSSION

A.    <u>Jurisdiction</u>

Habeas corpus relief is appropriate when a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution.

With respect to jurisdiction over the person, 28 U.S.C. § 2241(a) provides that writs of habeas corpus may be granted by the district courts "within their respective jurisdictions." A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian. <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 494-495 (1973). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. <u>Brown v. United States</u>, 610 F.2d 672, 677 (9th Cir. 1990). It is sufficient if the custodian is within the territorial jurisdiction of the court at the time the petition is filed; transfer of the petitioner thereafter does not defeat personal jurisdiction that has once been properly established. <u>Ahrens v. Clark</u>, 335 U.S. 188, 193 (1948), overruled on other grounds in <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. at 193, citing <u>Mitsuye Endo</u>, 323 U.S. 283, 305 (1944); <u>Francis v. Rison</u>, 894 F.2d 353, 354 (9th Cir. 1990).

Review of the petition shows that Petitioner is incarcerated at the Taft Correctional Institution which is within the territorial jurisdiction of this Court. Accordingly, the Court has jurisdiction over the action.

B.    <u>Subject Matter Jurisdiction and Exhaustion</u>

A prisoner's claim that the BOP is improperly calculating his release date is properly brought under 28 U.S.C. § 2241, so this Court has subject matter jurisdiction over the instant petition. <u>Fraley v. U.S. Bureau of Prisons</u>, 1 F.3d 924, 925 (9th Cir. 1993).

A prisoner is required to exhaust the administrative remedies with the BOP before he can bring a section 2241 petition challenging the conditions of his confinement. <u>Brown v. Rison</u>, 895 F.2d 533, 535 (9th Cir. 1990). Respondent concedes that the BOP's records demonstrate that Petitioner has complied with the exhaustion requirement. (Attachments to Memorandum in Support of Petition A-I; Court Doc. 2.)

C.  <u>Challenge to Calculation of Good Time Credits</u>

As Respondent states, the awarding of good time credits for federal prisoners is governed by 18 U.S.C. § 3624(b)(1). That section states that a prisoner who is serving a sentence of more than one year, but less than life, "may receive up to fifty-four days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term," subject to the BOP's determination that "during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624(b)(1).

The credit toward the prisoner's sentence is calculated at the end of each year. However, as Respondent indicates, when the prisoner approaches the end of his sentence, the calculation must be made before the end of the year and must be prorated. Section 3624 specifies that "credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence." <u>Id</u>.

As Respondent correctly notes, the question that arises in this situation is whether the phrase "term of imprisonment" means the length of the actual sentence that was imposed by the district court or the amount of time that the prisoner actually serves. The BOP has implemented a regulation that adopts the amount of time actually served by a prisoner as the basis for the proration. 28 C.F.R. § 523.20.

Petitioner argues that his good time credits should be based, not on the number of days actually served but on the number of days to which he is sentenced. Petitioner estimates that the BOP's method of calculating good time credits has deprived him of approximately 140 days of good

time credit, or 7 days worth of credit each year.

The Ninth Circuit Court of Appeals has recently addressed this issue. In Mujahid v. Daniels, 413 F.3d 991 (9th Cir. 2005), the Ninth Circuit analyzed the BOP's interpretation of the maximum good time credit a federal prisoner can receive under section 3624(b). The Ninth Circuit determined that its earlier decision in Pacheco-Camacho v. Hood, 272 F.3d 1266 (9th Cir. 2001) established that the phrase "term of imprisonment" in § 3624(b)(1) is ambiguous, that the legislative history did not remove that ambiguity, and the BOP regulation is based on a permissible construction of the statute. Mujahid, 413 F.3d at 999. Specifically, the Ninth Circuit concluded that the BOP's interpretation of "term of imprisonment" as "time served" was reasonable. Mujahid, at 997 (citing Pacheco-Camacho, at 1271.) In Pacheco-Camacho, the Ninth Circuit reasoned that "[t]his interpretation comports with the statutory language of section 3624(b), and does not subvert the statutory design. It establishes an effective and fair prorating scheme, enabling inmates to calculate with reasonable certainty the end of their imprisonment, while preventing certain prisoners from receiving disproportionate good time credits merely because their sentence happens to equal a year and a day." Pacheco-Camacho, at 1270-71. Therefore, applying the rationale set forth by the Ninth Circuit in Pacheco-Camacho and reinforced in Mujahid, Petitioner's claim that his good time credits should be based on the number of days to which he was sentenced, and not the number of days actually served, must be DENIED.[2]

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DENIED;

2. Petitioner's motion to supplement the traverse be DISREGARDED;

---

[2] Petitioner's contention that this Court is free to disregard or reconsider binding, on point, authority by the Ninth Circuit Court of Appeals, is without merit. As Respondents submits, a district court cannot reconsider an issue already decided by the Court of Appeals. United States v. Caterino, 29 F.3d 1390, 1395 (9th Cir. 1994) ("When matters are decided by an appellate court, its rulings, unless reversed by it or a superior court, bind the lower court."); Feldman v. Henman, 815 F.2d 1318, 1322 (9th Cir. 1987) (district court cannot "redecide" issues already decided by Court of Appeals). Thus, Petitioner's reliance on out of Circuit or district court authority is simply misplaced. Specifically, Petitioner's heavy reliance on Moreland v. Federal Bureau of Prisons, 363 F.Supp.2d 882 (S.D. Tex. 2005), is unfounded and, in any event, the decision was reversed by the Fifth Circuit Court of Appeals in Moreland v. Federal Bureau of Prisons, 431 F.3d 180 (5th Cir. 2005). Therefore, Petitioner's request to supplement the traverse based on that decision is disregarded.

3.	Petitioner's motion for expedited resolution be DENIED as MOOT; and

4.	Judgment be entered in favor of Respondent.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    February 16, 2006**              **/s/ Sandra M. Snyder**
icido3                                       UNITED STATES MAGISTRATE JUDGE